KELLER et al. v. KELLER.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

.1. PARTNERSHIP (§ 336*)—ACCOUNTING AFTER DEATH OF PARTNER—BURDEN OF PROOF.

In an action for an accounting, the burden was upon the surviving partner to prove that the firm was chargeable with an expense account not entered upon the firm's books until after the death of the deceased partner.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 797; Dec. Dig. § 336.*]

:2. PARTNERSHIP (§ 333*)—CHANGE OF APPLICATION.

Where, in an action against a surviving partner for an accounting, he elected to credit certain payments to the principal account, as he had a right to do, he could not thereafter change that election and credit same to an interest account.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 792–796; Dec. Dig. § 333.*]

Appeal from Special Term, New York County.

Action by Clothilde R. Keller and another, as executors of Adolph Keller, deceased, against Hugo Keller. From the judgment, all parties appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

W. G. Phlippeau, of New York City (Alfred B. Cruikshank, of New York City, of counsel), for plaintiffs.

Hamilton, Gregory & Freeman, of New York City (William H. Hamilton, of New York City, of counsel), for defendant.

PER CURIAM. We have carefully considered the voluminous record in this case, and are in the main satisfied with the disposition made by the learned justice at Special Term, and for the reasons given in his careful and painstaking opinion, which meets our approval. We think, however, that the judgment should be modified in two respects:

[1] First. An item of $10,306.83, which was entered on the books on May 18, 1904, the date of Adolph Keller's death, as an expense account. The evidence in respect to this item is confused; the defendant himself making three different explanations of it and of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

items of which it was composed. In the main the claim is that, prior to the year 1902, $17,612.07 was charged as expense to the Keller Jewelry Manufacturing Company, which should have been charged to L. H. Keller & Co.; that, at the end of the year 1902, Mr. Adolph Keller told the bookkeeper to take off part of that, because it was too much to charge to the Keller Jewelry Manufacturing Company, and in fact it ought not to have been charged anyway; that it was too much to charge back at any one time, but that on December 31, 1902, there was charged back to L. H. Keller & Co. $4,125.04, "and after that he was supposed to take some part off every year." As matter of fact, however, no charges were thereafter made in the years 1903 and 1904 until after Adolph Keller's death, when this lump sum was entered in the books.

The explanation is so unsatisfactory, and, bearing in mind that the books should have been closed as of the day of Adolph Keller's death, and that the burden was upon the defendant, we think that the account should have been surcharged with this amount. Therefore findings 18 and 19 are amended, so that the total amount of the capital should be $97,633.84, making the amount of the capital of the deceased partner of Adolph Keller, one-half thereof, $48,816.92, instead of $43,633.50, as found. The sixth conclusion of law should be similarly modified.

[2] Second. There should be allowed the interest on the difference between said sum of $48,816.92 and the sum of $38,554.85, the amount stated in the first account rendered by defendant; that is, on $10,-262.07, from May 18, 1904, to the date of the judgment, at 4 per cent. The reason why interest on the difference found by the court was not allowed in the judgment was that the defendant claimed that he had overpaid the amount of principal required to be paid in partial payments by the agreement, and that such overpayment should be credited to the interest account. The answer is that the defendant, having elected to credit said payments to principal account, and having the right so to do, could not thereafter change that election and credit it to the interest account. When an election has once been made and acted upon, it is too late thereafter to change the application of the payment.

The judgment appealed from should be modified as indicated, and, as modified, affirmed, with costs to the plaintiffs.